IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE PIERRE JONES,  *

    Plaintiff,  *

v.  *  Civil Action No. 8:18-cv-01678-PX

PATRICK SHANAHAN, *et al.*,  *

    Defendants.  *

***

## MEMORANDUM OPINION

Pending before the Court are Defendant Henry P. Stawinski, III's Motion to Dismiss (ECF No. 18) and Defendant Patrick Shanahan's[1] motion to dismiss, or in the alternative, for summary judgment. ECF No. 27. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants both motions.

**I.    Background**

Plaintiff Andre Jones retired from the Navy in 2003. ECF No. 1 ¶ 7. Three years later, the Navy certified him as a Naval Science Instructor ("NSI"). ECF No. 27-6 at 1. Certification is a prerequisite to teaching in the Naval Junior Reserve Officer Training Corps ("NJROTC"). ECF No. 1 ¶ 38. Jones began teaching at the Bowie High School NJROTC in 2007. *Id.* ¶ 7.

In October 2015, students broke into Jones' cellphone and discovered a photograph of a young man wearing only underwear.[2] *Id.* ¶ 17. The students believed the young man was a minor student attending a Prince George's County Public School. *Id.* ¶ 23. Jones, however,

---

[1] Patrick Shanahan is the current Acting Secretary of the Department of Defense. ECF No. 34 at 1 n.1. Pursuant to Federal Rule of Civil Procedure 25(d), Shanahan is automatically substituted as a party for the former Secretary, James N. Mattis.

[2] At times, Jones refers to the content on his phone as a "video photo." ECF No. 1 ¶ 17. Although it is not entirely clear whether the content was a video or a photograph, for the purposes of this Memorandum Opinion, the Court will refer to the content as a photograph.

maintains that the young man was an adult and not a student. *Id.* Based on information learned from the students about the photograph, Detective Carpenter of the Prince George's County Police ("the Police") arrested Jones, brought him to the precinct, and questioned him for an hour and a half. *Id.* ¶ 42. The Police also searched Jones' phone. *Id.* ¶ 19. Shortly thereafter, Jones was placed administrative leave and the Navy decertified Jones as a NSI, which rendered him ineligible to continue serving as an NJROTC instructor. *Id.* ¶¶ 49, 64.

After exhausting administrative remedies, Jones filed suit against Dr. Kevin Maxwell as Chief Executive Officer of the Prince George's County Public School, Stawinski as Chief of Police, and the Secretary of Defense. ECF No. 1. Jones alleged violations of Title IX of the Education Amendment Act of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; the Fourth Amendment of the United States Constitution; "Maryland Privacy laws, and BHS Policy"; "Maryland's Human Rights law"; negligent supervision; and intentional infliction of emotional distress.

Maxwell answered the Complaint. ECF No. 15. However, Stawinski and the Secretary of Defense filed dispositive motions that are now ripe for resolution. ECF Nos. 18, 27. The Court considers each motion separately.

## II.    Failure to State a Claim against Stawinski

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be

enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Jones has brought claims against Stawinski in both his personal and official capacities as Chief of Police for allegedly violating Jones' constitutional rights during arrest. ECF No. 21-1 at 8. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Jones does not aver that Stawinski was involved in his arrest. Rather, Jones contends more generally that "the Police" arrested and detained him, then conducted a warrantless search of his cell phone without probable cause, all in violation of the Fourth Amendment. ECF No. 1 ¶ 19.

When viewing the Complaint allegations as true and most favorably to Jones, the claims against Stawinski in his personal capacity must be dismissed. *See Krumtum v. Crawford*, No. 1:16CV00007, 2016 WL 4468275, at *3 (W.D. Va. Aug. 24, 2016). The Complaint is totally bereft of any facts by which the court could infer Stawinski's involvement. And even though Jones' opposition generally contends that Stawinski directed Detective Carpenter to arrest Jones without probable cause or an arrest warrant (ECF No. 21-1 at 2), the Complaint may not be amended by his brief in opposition to the motion. *See Mathis v. McDonough*, No. ELH-13-2597, 2014 WL 3894133, at *25 (D. Md. Aug. 7, 2014). Alternatively, even if the Court did consider the additional allegations in Jones' opposition, such allegations are similarly bare and conclusory. Jones provides no facts by which this Court could infer that Stawinski, as Chief of Police, played any part in Jones' arrest. Accordingly, the claims against Stawinski in his personal capacity are dismissed.

Jones' claim against Stawinski in his official capacity likewise must be dismissed. A suit against an individual in his official capacity is "functionally equivalent to a suit against the

municipality." *Flanagan v. Anne Arundel Cty.*, 593 F. Supp. 2d 803, 809–10 (D. Md. 2009). Municipalities may be held liable for only constitutional violations committed pursuant to an official pattern, practice, policy or custom. *Hunter v. Town of Mocksville, N.C.*, 897 F.3d 538, 554 (4th Cir. 2018); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). "[A] policy or custom may possibly be inferred from continued inaction in the face of a known history of widespread constitutional deprivations . . . ." *Milligan v. City of Newport News*, 743 F.2d 227, 229–30 (4th Cir. 1984). Mere institutional inaction "in the face of isolated constitutional deprivations by municipal employees," however, is insufficient to sustain such a claim against the municipality itself. *Garcia v. Montgomery Cty., Md.*, No. JFM-12-3592, 2013 WL 4539394, at *4 (D. Md. Aug. 23, 2013) (quoting *Milligan*, 743 F.2d at 230).

As to the "official capacity" claim, the Complaint asserts only that the Police acted "pursuant to a policy, practice, or custom that violates the Fourth Amendment to the United States Constitution." ECF No. 1 ¶ 131. The Complaint is devoid of any facts to support this bare contention. Because bare legal conclusions couched as factual allegations will not suffice, *Twombly*, 550 U.S. at 555, dismissal is warranted. *See Chestnut v. Prince George's Cty.*, No. 08:10-CV-583-AW, 2011 WL 939034, at *2 (D. Md. Mar. 16, 2011).[3]

### III. Claims against Secretary of Defense

The Secretary of Defense asserts that all claims against it are barred by the *Feres* doctrine. The Court agrees. As articulated in *Feres v. United States,* the federal government

---

[3] The Court dismisses this claim with prejudice because allowing Jones to amend the Complaint to include the allegations in his response brief—that Detective Carpenter arrested Jones "[w]ith Chief Stawinski's knowledge, direction, delegation and authorization"— would be futile. The additional "facts" are little more than legal conclusions couched as factual allegations; they do not suggest that Stawinski played any role in Jones' arrest other than that of Chief for the Department. Because *respondeat superior* is not a viable theory of relief in § 1983 claims, *Connick v. Thompson*, 563 U.S. 51, 60 (2011), and that is all Jones offers, amending the Complaint would be an empty exercise. Similarly, the additional "facts" do not support any inference that Jones' arrest was part of an unconstitutional pattern, practice, policy, or custom cognizable against the Department under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). Allowing amendment, therefore, would be futile.

enjoys immunity from suit "for injuries to serviceman where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950). Although *Feres* involved an action brought under the Federal Tort Claims Act, the doctrine has expanded to include constitutional claims that arise or are "incident to [the] service" of military personnel. *Aikens v. Ingram*, 811 F.3d 643, 648, 651 (4th Cir. 2016), as amended (Feb. 1, 2016) ("'The Supreme Court has embarked on a course dedicated to broadening the *Feres* doctrine to encompass, at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military.'") (quoting *Stewart v. United States*, 90 F.3d 102, 105 (4th Cir. 1996)). This expansion has swept within it discrimination claims brought under Title VII and similar statutes. *Willis v. Roche*, 256 F. App'x 534, 536 (3d Cir. 2007) (collecting cases).

To determine whether a suit is barred by *Feres*, the Court considers whether the claims "'call into question military discipline and decisionmaking and would require judicial inquiry into, and hence intrusion upon, military matters.'" *Aikens*, 811 F.3d at 651 (quoting *Cioca v. Rumsfeld*, 720 F.3d 505, 515 (4th Cir. 2013)). Where a civilian court, by adjudicating the claim, would "second-guess military decisions," and where the civil suit "might impair essential military discipline," *Feres* bars the civil action from proceeding. *United States v. Shearer*, 473 U.S. 52, 57 (1985); *see also Minns v. United States*, 155 F.3d 445, 449 (4th Cir. 1998).

Jones' claims against the Secretary of Defense focus solely on his conduct as a NJROTC instructor and the decertification process. As such, the claim centers on the core function of the military—to regulate and supervise its own personnel. To begin, only active or retired military servicepersons may become NJROTC instructors. 10 U.S.C. § 2031(c)(1). The military retains the exclusive decision-making power to certify or decertify NJROTC instructors. Further, the

5

decertification process is dictated by military regulations. ECF No. 27-29 at 31–33. Certification and decertification of NJROTC instructors is thus "inextricably intertwined with the military hierarchy." *Fileccia v. Caddo Par. Sch. Bd.*, No. 15-2333, 2017 WL 2350451, at *4 (W.D. La. May 30, 2017). The decision to decertify Jones as an NJROTC officer is fairly determined as "incident to military service." *Glenn v. Rumsfeld*, No. 05-01787 JSW, 2006 WL 515626, at *8 (N.D. Cal. Feb. 28, 2006).[4] Consequently, litigating Jones' claims against the Secretary of Defense would require this Court to wade into matters of military supervision and discipline. Because such an undertaking is barred by the *Feres* doctrine, Jones' claims against the Secretary of Defense cannot proceed. *See Norris v. Lehman*, 845 F.2d 283, 286–87 (11th Cir. 1988).

## IV. Conclusion

For the foregoing reasons, the Court grants Stawinski's and Shanahan's motions to dismiss with prejudice. ECF Nos. 18, 27. A separate Order follows. The Court will also issue a scheduling order regarding the remaining claims against Maxwell.

| | |
|---|---|
| 6/3/2019 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |

---

[4] That Jones' tenure as an NJROTC instructor arose as an incident to his military service distinguishes his claims from those made by students in similar programs. *See Mentavlos v. Anderson*, 249 F.3d 301, 316 (4th Cir. 2001).